LDA

IN THE UNITED STATES DISTRICT COURT

FOR RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL<br>Plaintiff<br>v.<br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br>Defendant | ) ) ) ) ) ) ) ) ) ) | No. CA 07 007S<br>Judge:<br>(Removal of Case No. PC 2006-6522 filed in the Superior Court of Rhode Island) |

**NOTICE OF REMOVAL**

NOW COME the Defendants, MIDEA USA, INC., a Texas Corporation, and GENERAL ELECTRIC COMPANY, a New York Corporation, and pursuant to 28 U.S.C. §§ 1441, *et seq.*, hereby file its Notice of Removal of the instant action based on supplemental jurisdiction. In support of its Notice, Defendants state as follows:

1. Plaintiff filed its original Complaint at Law in the Superior Court of Rhode Island on December 14, 2006 (A true and accurate copy of which is attached hereto as Exhibit A, and hereinafter referred to as the "Instant Action".) A copy of the Plaintiff's Complaint was served upon GENERAL ELECTRIC COMPANY on December 15, 2006. The Plaintiff's Complaint has yet to be served upon MIDEA USA, INC. This Notice is filed within 30 days after service of the Complaint upon the Defendants.

2. A previous action titled *The Hartford Insurance Company v. General Electric and Midea USA, Inc.* (hereinafter "Previous Action") was filed in the Superior Court of Rhode Island on July 14, 2006 (A true and accurate copy of the Complaint filed in the Previous Action is attached hereto as Exhibit B). The Previous Action was removed to Rhode Island Federal Court on August 8, 2006 (A true and accurate copy of the Notice of Removal pertaining to the Previous

Action is attached hereto as Exhibit C). Removal for the Previous Action was based on diversity jurisdiction pursuant to 28 U.S.C. §1332.

3. At the time that the Instant Action was commenced, based upon information and belief of the Defendants, Plaintiff, EUGENIA CARVALHAL, was a citizen and resident of East Providence, Rhode Island.

4. At the time the instant action was commenced, Defendant, MIDEA USA, INC., was a Texas Corporation with its principal place of business in Texas, and Defendant, GENERAL ELECTRIC COMPANY, was a New York Corporation, with its principal place of business in Connecticut.

5. The amount in controversy of the Previous Action exceeds $75,000, exclusive of interests and costs, as appears from the Complaint filed in the Previous Action, a copy of which is attached hereto and incorporated by reference in this Notice.

6. According to 28 U.S.C. §§ 1367, in any civil action of which a district court has original jurisdiction, a district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Given that the District Court has diversity jurisdiction over the Previous Action, the District Court can exercise supplemental jurisdiction over the Instant Action as the claims arise out of the same case or controversy. The facts required to prove both the Previous Action and the Instant Action stem from the same incident or occurrence, and both Complaints seek recovery for the same loss and/or event.

8. Further, the instant action does not need to satisfy the amount-in-controversy since the Previous Action satisfies the amount-in-controversy. A District Court can exercise

supplemental jurisdiction over a claim that does not satisfy the amount-in-controversy as long as one of the claims the District Court has jurisdiction over satisfies such requirement. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

9. Copies of this Notice of Removal have been filed with the Superior Court of Rhode Island and mailed to Plaintiffs' counsel for both the Instant Action and Prior Action.

10. All Defendants have consented to removal of the instant action.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441, *et seq.*, these Defendants hereby notify all relevant parties that further proceedings in the Superior Court of Rhode Island are discontinued and that the suit is removed to the United States District Court for Rhode Island.

Defendants,
By Counsel,

/s/ Rodd E. Elges, Esq.
DOMINICK W. SAVAIANO
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
dsavaiano@clausen.com
relges@clausen.com
Attorneys for Defendants

AND

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

# APPENDIX

Exhibit A Plaintiff's Complaint

Exhibit B Previous Complaint filed on July 14, 2006

Exhibit C Notice of Removal of July 14, 2006 Action

## CERTIFICATION

I hereby certify that on Friday, January 5, 2007, I mailed a true copy of the within, by regular mail, postage prepaid, to Robert A. D'Amico, Esq. and Mark W. Dana, Esq., both at 536 Atwells Avenue, Suite 1, Providence, Rhode Island 02909.



1098555.1