IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | C.A. No. 07-007-S-LDA |

**DEFENDANT MIDEA USA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME Defendant, MIDEA USA, INC., by and through its attorneys, McKINNON & HARWOOD and CLAUSEN MILLER, P.C., and for its Answer to Plaintiff's Complaint, state as follows:

1. Plaintiff, Eugenia Carvalhal is a resident of the City of Providence, Providence County, State of Rhode Island.

**ANSWER:** Based upon information and belief, the Defendant admits the allegations set forth in Paragraph 1.

2. Defendant GE is a corporation authorized to conduct business within the State of Rhode Island with its principal place of business located at 1 River Road, Schenectady, New York 12345.

**ANSWER:** This Defendant makes no answer to the allegations contained in Paragraph 2 as those allegations are not directed at this answering Defendant.

3. Defendant Midea is a corporation, not registered to do business within the State of Rhode Island, with its principal place of business located at 2100 North Highway 360, Grand Prairie, Texas 75050 but having sufficient minimum contacts to confer jurisdiction.

**ANSWER:** Defendant admits only that it is a Texas corporation with its principal place of business in Grand Prairie, Texas.

**GENERAL ALLEGATIONS**

4. At all relevant times mentioned herein, Eugenia Carvalhal was the owner of residential property known as 76 Willet Avenue, East Providence, Rhode Island (hereinafter referred to as "the premises").

**ANSWER:** Defendant has insufficient knowledge upon which to base either an admission or denial of the allegations contained in Paragraph 4, and, therefore, denies same and demands strict proof thereof.

5. At all times material hereto, GE was a manufacturer and distributor of home appliances.

**ANSWER:** This Defendant makes no answer to the allegations contained in Paragraph 5 as those allegations are not directed at this answering Defendant. If any of the allegations contained in Paragraph 5 can be construed as being directed against this Defendant, then all such allegations are expressly denied.

6. At all times material hereto, Midea was a manufacturer of home appliances.

**ANSWER:** Defendant Midea admits only that it manufactures certain consumer products including home appliances.

7. At all times material hereto, the premises was equipped with a General Electric water dispenser, model number GXCF05D, which was manufactured by Midea and distributed by GE.

**ANSWER:** Defendant Midea admits only that it manufactured water dispensers, including certain units designated as model number GXCF05D. This Defendant makes no answer to the allegations contained in Paragraph 7 regarding the distribution of the subject water dispensers, as those allegations are not directed at this answering Defendant. Defendant has insufficient knowledge upon which to base either an admission or denial of the remaining allegations contained in Paragraph 7, and, therefore, denies same and demands strict proof thereof.

8. On or about February 27, 2004, a fire originated in the kitchen area of the premises.

**ANSWER:** Defendant has insufficient knowledge upon which to base either an admission or denial of the allegations contained in Paragraph 8, and, therefore, denies same and demands strict proof thereof.

9. The aforementioned fire was caused by a failure within the General Electric water dispenser.

**ANSWER:** Defendant denies all allegations contained in Paragraph 9.

**COUNT I**

**NEGLIGENT/PRODUCT LIABILITY**

**(General Electric Company)**

This Defendant makes no answer to the allegations of Count I of Plaintiff's Complaint at Law, as those allegations are not directed at this answering Defendant. If any of the allegations contained in Count I can be construed as being directed against this Defendant, then all such allegations are expressly denied.

**COUNT II**

**BREACH OF EXPRESS WARRANTY**

**(General Electric Company)**

This Defendant makes no answer to the allegations of Count II of Plaintiff's Complaint at Law, as those allegations are not directed at this answering Defendant. If any of the allegations contained in Count II can be construed as being directed against this Defendant, then all such allegations are expressly denied.

**COUNT III**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(General Electric Company)**

This Defendant makes no answer to the allegations of Count III of Plaintiff's Complaint at Law, as those allegations are not directed at this answering Defendant. If any of the

allegations contained in Count III can be construed as being directed against this Defendant, then all such allegations are expressly denied.

**COUNT IV**

**NEGLIGENT/PRODUCT LIABILITY**

**(Midea USA, Inc.)**

21. Paragraphs 1 through 20 above are fully incorporated by reference each and every allegation set above as though the same were fully set forth herein at length.

**ANSWER:** Defendant hereby adopts and reiterates its Answers to Paragraphs 1 through 20, inclusive, as if fully set forth herein as its Answers to Paragraph 21 of Count IV (mislabeled in Plaintiff's Complaint as "Count III").

22. The aforementioned failure of the water dispenser and resulting damages were a direct and proximate result of the negligence, carelessness and negligent omissions of Midea in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Eugenia Carvalhal herein;

b. failing to adequately warn Eugenia Carvalhal of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger.

**ANSWER:** Defendant denies all the allegations contained in Paragraph 22, including those set forth in Subparagraphs (a) through (i), inclusive.

23. As a direct and proximate result of Midea's designing, manufacturing, distributing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

**ANSWER:** Defendant denies all allegations contained in Paragraph 23.

WHEREFORE, Defendant, MIDEA USA, INC., denies that it is liable to the Plaintiff in any amount whatsoever, and prays for the entry of an order dismissing this Complaint with prejudice and awarding the Defendant, MIDEA USA, INC., their costs wrongfully incurred herein.

**COUNT V**

**BREACH OF EXPRESS WARRANTY**

**(Midea USA, Inc.)**

24. Paragraphs 1 through 23 above are fully incorporated by reference each and every allegation set forth above as though the same were fully set forth herein at length.

**ANSWER:** Defendant hereby adopts and reiterates its Answers to Paragraphs 1 through 23, inclusive, as if fully set forth herein as its answers to Paragraph 24 of Count V.

25. Midea, by virtue of advertisements, promotional literature, and/or sales brochures, made certain express warranties to the general public, and to Eugenia Carvalhal in particular, that the water dispenser was safe and free from defects.

**ANSWER:** Defendant admits only those duties imposed by law but expressly denies any breach thereof.

26. Midea breached its express warranties in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Eugenia Carvalhal herein;

b. failing to adequately warn Eugenia Carvalhal of the defects in the water dispenser when Midea knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger.

**ANSWER:** Defendant denies all the allegations contained in Paragraph 26, including those set forth in Subparagraphs (a) through (i), inclusive.

27. As a direct and proximate result of Midea's breach of its express warranties by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

**ANSWER:** Defendant denies all allegations contained in Paragraph 27.

WHEREFORE, Defendant, MIDEA USA, INC., denies that it is liable to the Plaintiff in any amount whatsoever, and prays for the entry of an order dismissing this Complaint with prejudice and awarding the Defendant, MIDEA USA, INC., their costs wrongfully incurred herein.

## COUNT VI

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28. Paragraphs 1 through 27 above are fully incorporated by reference each and every allegation set forth above as though the same were fully set forth herein at length.

**ANSWER:** Defendant hereby adopts and reiterates its Answers to Paragraphs 1 through 27, inclusive, as if fully set forth herein as its Answers to Paragraph 28 of Count VI.

29. Midea impliedly warranted that the water dispenser was of merchantable quality.

**ANSWER:** Defendant admits only those duties imposed by law but expressly denies any breach thereof.

30. Midea breached its implied warranty of merchantability in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a water dispenser that was in a defective condition, unreasonably dangerous to consumers, including Eugenia Carvalhal herein;

b. failing to adequately warn Eugenia Carvalhal of the defects in the water dispenser when MIDEA knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the water dispenser in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the water dispenser and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the water dispenser;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the water dispenser;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the water dispenser in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the water dispenser; and

i. carelessly, recklessly and negligently failing to remove the water dispenser from the market when the defendant knew or should have known of the defects in the water dispenser and that they constituted a danger.

**ANSWER:** Defendant denies all the allegations contained in Paragraph 30, including those set forth in Subparagraphs (a) through (i), inclusive.

31. As a direct and proximate result of Midea's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

**ANSWER:** Defendant denies all allegations contained in Paragraph 31.

WHEREFORE, Defendant, MIDEA USA, INC., denies that it is liable to the Plaintiff in any amount whatsoever, and prays for the entry of an order dismissing this Complaint with

prejudice and awarding the Defendant, MIDEA USA, INC., their costs wrongfully incurred herein.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

NOW COMES Defendant, MIDEA USA, INC., by and through its attorneys, McKINNON & HARWOOD and CLAUSEN MILLER, P.C. and for its Affirmative Defenses to the Complaint at Law filed by Plaintiff, EUGENIA CARVALHAL, states as follows:

**First Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Defendant asserts the defense of comparative negligence and shows that any amount which the Plaintiff might be entitled to recover should be reduced by the amount of negligence attributable to the Plaintiff.

**Third Affirmative Defense**

The sole proximate cause of the Plaintiff's damages was the Plaintiff's own failure to exercise ordinary care and diligence for his own safety.

**Fourth Affirmative Defense**

The Plaintiff's damages were caused by the Plaintiff's misuse of the subject product rather than by any defect(s) in said product; alternatively, to the extent that any such product is found to be defective (such defectiveness being specifically denied), the Defendant alleges that the Plaintiff's misuse of the product concurred with such defectiveness to cause the Plaintiff's damages. The damages sustained by Plaintiff as a result of using the complained of product were proximately caused by Plaintiff's misuse of the product. This misuse was the proximate cause of Plaintiff's injuries or damages and, therefore, Plaintiff is barred from recovering any damages.

In the alternative, any damages awarded should be reduced in the same amount percentage that Plaintiff's misuse contributed to or caused the complained of injuries or damages.

**Fifth Affirmative Defense**

Plaintiff has failed to mitigate damages, if any exist.

**Sixth Affirmative Defense**

Defendant states that the product in question was neither negligently manufactured nor negligently designed when used in a reasonable and foreseeable manner for its intended use.

**Seventh Affirmative Defense**

At no time relevant to this action did the Defendant commit any act, or omission, or any combination of acts or omissions that was a direct or proximate cause of any damages whatsoever to the Plaintiff, and, therefore, the Plaintiff is not entitled to recover against the Defendant.

**Eighth Affirmative Defense**

The Plaintiff's breach of implied warranty claims are contractually precluded because the Defendant effectively disclaimed all implied warranties.

**Ninth Affirmative Defense**

The Plaintiff, in its investigation of the fire, negligently destroyed or caused to be destroyed or failed to preserve evidence, which it knew, would be material to this litigation.

**Tenth Affirmative Defense**

The Plaintiff, in its investigation of the fire, deliberately destroyed or caused to be destroyed or failed to preserve evidence, which it knew, would be material to this litigation. Therefore, Plaintiff is barred from recovering for the complained of damages.

**Eleventh Affirmative Defense**

The Plaintiff, in its investigation of the fire, maliciously destroyed or caused to be destroyed or failed to preserve evidence, with the sole purpose of preventing Defendant from examining such evidence. Therefore, Plaintiff is barred from recovering for the complained of damages.

**Twelfth Affirmative Defense**

Defendant reserves the right to raise additional affirmative defenses as its investigation and discovery of this matter proceeds.

**JURY DEMAND**

Defendant hereby demands trial by jury.

Defendant,
MIDEA USA,
**BY COUNSEL,**

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

**CERTIFICATION**

I hereby certify that on Wednesday, January 10, 2007, a true copy of the within, was served upon the following and in the following manner(s):

- Mark W. Dana, Esq., by electronic means only to mwd@mdlawri.com, and
- Robert A. D'Amico, Esq., by electronic means only to "rad@dblawri.com"

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio