**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, As Subrogee of Alberto Carvalhal | : | |
| v. | : | C.A. No.: 06-362S |
| GENERAL ELECTRIC COMPANY and MIDEA USA, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Now comes the Plaintiff, The Hartford Insurance Company, by and through its undersigned attorneys, and requesting the Court to order that the Defendants may not proceed with the depositions of Michael Cooney and Ara Nalbandian, which they have scheduled to take place on April 13, 2007. In support hereof, undersigned counsel avers as follows:

1. This action arises from a fire that occurred on February 27, 2004 at the home of Alberto and Eugenia Carvalhal located at 76 Willett Avenue, East Providence, Rhode Island.

2. Discovery in this matter is currently scheduled to close on April 16, 2007. This was a requested extension from the original deadline of February 16, 2007, made by the Defendants.

3. During the (60) sixty day extension of the original discovery deadline, Defendants deposed 2 witnesses, Eugenia Carvalhal and her son Peter on February 26, 2007. Prior to the original deadline, Defendants conducted no depositions.

4. Those depositions were not formally noticed in accordance with the rules of civil procedure and the first request, by e-mail, to take those depositions was on February 20, 2007, just six days prior.

5. It should be noted that when counsel were discussing open dates for scheduling, undersigned counsel indicated that he was unavailable on February 26, 2007.

6. Because the Defendants had taken the position that they would be unwilling to make any offer at the upcoming settlement conference before Magistrate Judge Almond on March 5, 2007 unless those depositions were taken, and in an effort to be as cooperative and cordial as possible, undersigned counsel pushed his obligations to the side to attend the depositions.

7. At the March 5, 2007 settlement conference, Defendants appeared without a client, in defiance of the Court's order, and made no offer of settlement.

8. Between the settlement conference of March 5, 2007 and April 1, 2007, Defendants made no attempt or request to schedule any depositions.

9. On April 2, 2007, Defendants demanded to take the depositions of the Plaintiff's four witnesses prior to the April 16, 2007 deadline.

10. Undersigned counsel immediately contacted its witnesses and was quickly able to schedule the deposition of one witness, its adjuster David Moses, for April 10, 2007.

11. On April 4, 2007, Defendants faxed notices of depositions for the Plaintiff's remaining three witnesses, Hossein Davoodi, Ara Nalbandian, and Michael Cooney, to take place on April 13, 2007.

12. Mr. Davoodi, Mr. Cooney, and Mr. Nalbandian are all independent third-party experts retained by the Plaintiff and known to the Defendants, who was in possession of their reports since 2004.

13. Undersigned counsel was able to convince one of its experts, Mr. Davoodi, to put his professional obligations on hold and appear for a deposition on April 13. 2007.

14. Mr. Cooney has contacted undersigned counsel and informed him that he is unavailable due to professional obligations until May, 2007.

15. Mr. Nalbandian has not been able to return the calls and emails of undersigned counsel for unknown reasons. Considering the time of the year, it is entirely possible he is on vacation for the holiday.

16. In light of undersigned counsel's inability to force Mr. Cooney and Mr. Nalbandian to appear for the scheduled depositions, undersigned counsel contacted the Defendants and informed them of his intent to file a motion for protective order based on the sheer unreasonableness of the deposition request.

17. Undersigned counsel hereby certifies that he has made every attempt to resolve this dispute, but the Defendants will not agree to postpone the depositions of Mr. Cooney and Mr. Nalbandian.

18. Under F.R.C.P. 26(c), a protective order is appropriate when the movant, with good cause shown, requires protection when discovery sought causes annoyance, embarrassment, oppression, or undue burden or expense. In this case, the Plaintiff, if everything is taken in the light most favorable to the Defendants, was given 8 business days notice to produce its experts for deposition. Considering the Defendants have

known about these experts and their opinions for over two years, and are now demanding depositions based on their failure to conduct discovery in a timely fashion, this request is completely unreasonable. The request was made without regard to the busy schedule of the experts themselves or the busy schedules of opposing counsel. The Defendants have decided to wait until the last two weeks of discovery to prepare their case for trial and expect everyone else to do the same. The Plaintiff has made every effort to cooperate with every unreasonable request made by the Defendants, and simply are unable to do so in this instance based on schedules beyond its control.

WHEREFORE, the Plaintiff respectfully requests this Court to enter an Order barring the Defendants from deposing representatives Mr. Nalbandian and Mr. Cooney on April 13, 2007.

Dated: April 9, 2007

THE PLAINTIFF,

By: /s/ Erik Loftus, Esq.
Erik Loftus, Esq.
Law Offices of Stuart G. Blackburn
2 Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel. (860) 292-1116
Fax (860) 292-1221

/s/ Richard A. van Tienhoven
Richard A. van Tienhoven, Esq
van Tienhoven & Cotter, Limited
312 South Main Street
Providence, RI 02903
Tel. (401) 454-5350
Fax (401) 454-5170

**CERTIFICATION**

I hereby certify that on this 9th day of April, 2007, a true copy of the within document was sent via first class mail to:

Dominick W. Savaiano, Esq.
Rodd E. Elges, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Joseph-Anthony DiMaio, Esq.
McKennon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Robert A. D'Amico, Esq.
Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02909

/s/ Erik Loftus, Esq.