# Exhibit D

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Edward FRITZ

v.

CONSOLIDATED RAIL CORPORATION.

Civ. A. No. 90-7530.

April 23, 1992.

Richard Haaz, Liss, Haaz & Tintenfass, P.C., Philadelphia, Pa., for plaintiff.

Paul F.X. Gallagher, Gallagher, Wheeler, Reilly & Lachat, Wilfred T. Mills, Jr., Philadelphia, Pa., for defendant.

*MEMORANDUM AND ORDER*

HUTTON, District Judge.

*1 Presently before the Court is plaintiff's Motion for New Trial, defendant's response, plaintiff's Memorandum in Support, and Defendant's Memorandum in Opposition. For the following reasons, plaintiff's Motion is DENIED.

This action is a claim for damages arising under the Federal Employers' Liability Act for damages resulting from injuries allegedly caused by the defendant, Consolidated Rail Corporation ("Conrail"). A jury trial commenced on January 29, 1992 and concluded with a jury verdict on February 4, 1992. The jury found that Conrail was negligent, but was not the cause of the injuries sustained by the plaintiff.

Timely post-trial motions followed the entry of judgment in favor of the defendant, wherein the plaintiff sets forth four grounds for a new trial. The plaintiff alleges errors during the voir dire, trial and charge which require a new trial. The plaintiff also alleges that the verdict was against the weight of the evidence. For the following reasons, the Court finds that no errors were made and that the verdict is not against the weight of the evidence.

A. *Standard*

Rule 59(a) of the Federal Rules of Civil Procedure provides that a court may order a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the Courts of the United States...." Fed.R.Civ.P. 59(a). A new trial may be granted where there was substantial error in the admission or exclusion of evidence; error in the court's instruction to the jury; excessive or inadequate jury interrogatories; or where the verdict is against the weight of the evidence. *Northeast Women's Center v. McMonagle*, 689 F.Supp. 465 (E.D.Pa.), *aff'd in part and rev'd in part,* 886 F.2d 1342 (3d Cir.1988).

The decision to grant a new trial is committed to the sound discretion of the trial court. *See Smith v. United News Co.,* 413 Pa. 243, 196 A.2d 302 (1964). A jury verdict will not be set aside unless the jury has reached a seriously erroneous result that would amount to a miscarriage of justice if left standing. *Lind v. Schenley Industries, Inc.,* 278 F.2d 79, 89 (3d Cir.1959), *cert. denied, Schenley Industries, Inc. v. Lind,* 364 U.S. 835 (1960); 6A Moore's Federal Practice, ¶ 59.08[5], at 59-150 (2d ed. 1989). The Court should abstain from interfering with the jury verdict "unless it is quite clear that the jury has

reached a seriously erroneous result." Marley v. City of Allentown, 774 F.Supp. 343, 345 (E.D.Pa.1991). In addition, where the subject matter of litigation is simple and does not require complex factual determinations, the Court has less freedom to scrutinize the jury's verdict. Williamson v. Consolidated Rail Corp., 926 F.2d 1344 (3d Cir.1991).

B. *Analysis*

1. *Voir Dire*

The plaintiff's essential allegation regarding error in the voir dire process is that the Court should have struck two potential jurors for cause and the Court's failure to do so was prejudicial error. The alleged prejudice is caused by the plaintiff having to use two of his peremptory strikes to remove the two potential jurors who allegedly should have been stricken for cause. The plaintiff has not indicated whether there were jurors on the panel for whom he would have used a peremptory challenge to strike or even whether he used his third peremptory challenge. The sole basis of prejudice is that he may have wanted to use these two peremptory challenges but could not. He has not stated which juror, if any, was prejudiced against him or plaintiffs in general.

***2** Civil voir dire in this district is normally conducted outside the presence of the judge. *Sweiboda v. Black & Decker Manuf. Co.*, 1987 WL 7397 * 2 (E.D.Pa., Fullam, J., March 4, 1987). In this case, the deputy clerk and counsel from both sides conducted the voir dire until a problem arose which required the Court's attention. The Court conducted a further voir dire of the potential jurors and excused one for cause and rejected all other challenges for cause. At no point in time from the Court ruling on the challenges for cause until the motion for a new trial did the plaintiff raise an objection that the panel was partial or prejudiced against him. The plaintiff also did not raise an objection to any juror who was serving on the jury stating that some particular juror was unfair or partial to the defense. Indeed, plaintiff did not inform the Court of his concern regarding possible bias of the jury until the filing of plaintiff's motion, and even the motion does not reveal the substance of plaintiff's concern. This inability to demonstrate actual prejudice alone is sufficient to deny the plaintiff's motion on this point. *Sweiboda,* at * 2. However, the Court will address the merits of the plaintiff's contentions.

The Supreme Court has stated that a litigant is entitled only to a fair trial and not a perfect trial. *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 553 (1984). In considering a motion for a new trial based upon an alleged problem in the jury selection [FN1], the Supreme Court stated the following about the voir dire process:

One touchstone of a fair trial is an impartial trier of fact-"a jury capable and willing to decide the case solely on the evidence before it." ... Voir dire examination serves to protect that right by exposing possible biases, both known and unknown, on the part of potential jurors. Demonstrated bias in the responses to questions on voir dire may result in a jurors being excused for cause; hints of bias not sufficient to warrant challenge for cause may assist parties in exercising their peremptory challenges.

*Id.* at 554. The United States Court of Appeals for the Third Circuit while examining a related jury selection issue held that a trial judge has substantial discretion in excusing a potential juror for cause. *United States v. Calabrese,* 942 F.2d 218, 227 (3d Cir.1991). The trial judge observes the juror's conduct during voir dire and evaluates the juror's answers to the voir dire questions. *Id.* The discretion then lies with the trial judge as to whether the juror should be excused for cause. *Id.*

In this case, at counsel's request, the Court conducted a voir dire of the jurors who were

requested by plaintiff's counsel to be stricken for cause. On the basis of the Court's own voir dire of the potential jurors, the answers the potential jurors gave, and their reactions, the Court decided that there was no reason to strike the jurors for cause. The Court found that the answers of the potential jurors did not rise to the level of demonstrated bias which requires a removal for cause. The plaintiff, therefore, used his peremptory strikes. *See McDonough,* 454 U.S. at 554. The plaintiff has not demonstrated that he was prejudiced by the use of his peremptory strikes on these jurors or that some other juror or jurors on the panel were partial. Because the Court finds that its original decision based upon the voir dire denying the challenges for cause was correct and that the plaintiff has proven no prejudice as a result of that decision, the Court denies plaintiff's motion on this point.

2. *Expert Testimony*

***3** The plaintiff also complains that the Court erred during trial by allowing the expert witnesses of the defendant to testify beyond the scope of their reports and address issues of whether the surgery on the plaintiff was proper. This objection whether based upon surprise or possible jury confusion must be overruled.

Testimony of an expert on matters within the expert's expertise but outside of the expert's report is not only permissible at trial, but the exclusion of such testimony at trial may be reversible error. *DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193 (3d Cir.1978); *Kelly v. GAF Corp.,* 115 F.R.D. 257, 258 (E.D.Pa.1987). There is no rule of law or statute which prohibits an expert from testifying beyond the scope of his report. *Kelly,* 115 F.R.D. at 258. Fed.R.Civ.Pro. 26(b)(4) provides the exclusive method for discovering an expert's testimony, but it does not state that an expert report is the only method of discovery nor does it state that such a report restricts the expert's testimony at trial. *Id.* In the art or science that the expert is qualified to express an opinion, there is no rule which requires that the expert confine his testimony to his report. *McElroy v. Cessna Aircraft Co.,* 506 F.Supp. 1211, 1216 (W.D.Pa.1981).

The testimony at trial established that there were two surgeries performed on the plaintiff. The plaintiff's doctor stated that the second surgery was required because of the first surgery. The trial deposition of Dr. Kalko and the cross-examination of Dr. Khavarian at trial indicated that the issue of the appropriateness of surgery had been raised prior to the testimony of the defense experts. The Court permitted Dr. Hoffman to testify on this issue but instructed Dr. Shuman not to testify on this issue. The Court found that the testimony of Dr. Hoffman was within the area of his expertise. The Court struck the testimony of Dr. Shuman and instructed the jury to disregard the testimony. The Court further instructed the jury in the charge to disregard any evidence of negligence by the treating physicians [FN2].

The Court did not err by allowing Dr. Hoffman to testify beyond the scope of his written report. An expert may testify beyond the scope of his report absent surprise or bad faith. *Kelly,* 115 F.R.D. at 258; *McElroy,* 506 F.Supp. at 1216. There was no bad faith, and given the prior testimony of the plaintiff's experts there was no prejudicial surprise. Any possible jury confusion was prevented by the Court by charging the jury to disregard the possible negligence of the plaintiff's doctors.

3. *Charge on Causation*

The following portion of the charge and, in particular, the last sentence of this paragraph was objected to by the plaintiff at trial and in this motion:

I further instruct that a defendant is subject to liability for harm to a plaintiff, although the physical condition of the plaintiff which is neither known or should be known to the defendant makes the injury greater than that which the defendant should have foreseen as a probable result of its conduct. Therefore, if the pre-existing condition in a plaintiff is aggravated by the negligence of the defendant, the plaintiff may recover for his damages which flow from the negligence, even though those damages are greater than what would normally be foreseen. However, if the injury is solely the result of the pre-existing condition *and* the defendant's negligence played no part in causing the injury, then the plaintiff has failed to prove causation.

***4** The basis for the objection by the plaintiff is not that the charge is an improper statement of the law. The objection is that there is no basis in the record from the evidence for a charge on pre-existing injury. Therefore, because there was no evidence which would require such a charge, the jury was confused when the Court gave the charge.

The trial court has broad discretion in the form and language used in the charge. *Cope v. Burlington Northern R. Co.,* 907 F.2d 67, 70 (6th Cir.1990); *Savarese v. Agriss,* 883 F.2d 1194, 1202 (3d Cir.1989). If the jury charge taken as a whole is not confusing or misleading in presenting the law, then the charge will be upheld. *Cope,* 907 F.2d at 70; *Savarese,* 883 F.2d at 1202. In a FELA case the primary issue for jury determination is whether the negligence of the defendant was a cause no matter how slight of the plaintiff's injuries. *Wilson v. Burlington Northern R. Co.,* 804 F.2d 607, 609 (10th Cir.1986). The trial court commits error when the court charges the jury on an issue upon which insufficient evidence has been presented. *Jones v. Consolidated Rail Corp.,* 800 F.2d 590, 592 (6th Cir.1986). The Court's analysis on this issue focuses not on whether the law as stated in the challenged portion of the charge is correct. That issue has not been raised. The Court's analysis focuses upon whether there was sufficient evidence to justify the portion of the charge set forth above.

Dr. Shuman testified that there was evidence of degenerative disk disease in the MRI of the plaintiff taken at the time of the accident. She further stated that it had to have begun prior to the accident because it takes several years for such a condition to be evident on an MRI. She also stated with reasonable medical certainty that the plaintiff's injuries could have been caused simply by stepping off the truck. She also stated that the injuries could have been caused by falling out of the truck. Dr. Hoffman gave a similar opinion regarding the cause of the plaintiff's injuries. The plaintiff's treating physicians stated that the MRI disclosed a prior degenerative disk condition. He further stated that a person with the plaintiff's condition could suffer similar injuries by merely bending over and tying his shoes. There was sufficient evidence presented by both parties on this issue of the pre-existing degenerative condition in the plaintiff's back. Based upon this evidence, a charge on pre-existing condition was required.

The plaintiff requested a series of points for charge dealing with the issues of pre-existing condition. By requesting these points the plaintiff admits that there was sufficient evidence to establish that a pre-existing condition existed regarding the plaintiff's back. All of the requested points stated that the defendant would be liable for all damages which would flow from the defendant's negligence even if the injuries would have been less if the plaintiff did not have the pre-existing condition. That charge is incorporated in the Court's charge. The plaintiff asked for and received a charge instructing the jury that the defendant takes the plaintiff as it finds him with all of his faults and pre-existing conditions. The plaintiff cannot now complain of a charge on pre-existing condition when he requested it himself.

***5** The last sentence of the challenged portion of the charge concerns causation:

However, if the injury is solely the result of the pre-existing condition *and* the defendant's negligence played no part in causing the injury, then the plaintiff has failed to prove causation.

This sentence stated first that the jury should determine if the injuries the plaintiff suffered were solely the result of his pre-existing degenerative back problem. To find this the jury would have to consider whether anything the defendant did caused the injuries. The Court then reemphasized the point and further instructed the jury to determine whether the defendant's negligence played a part in causing the plaintiff's injuries. The Court forced the jury to look at both sides of the causation coin in order to point out the minimal level of causation, any part no matter how small, which the plaintiff had to prove for the defendant to be liable. As stated above, all of the doctors who testified told the jury that given the plaintiff's pre-existing condition, the plaintiff's injuries could have been caused by simply stepping out of the truck or some other twisting of the back. Therefore, a charge that the pre-existing condition could have been the sole cause was warranted.

There was sufficient evidence in the record to warrant a charge on whether the pre-existing condition was the sole cause of the injuries. The testimony of the defendant's experts put the issue before the jury. The plaintiff had even requested a charge on pre-existing condition. The whole charge on causation instructed the jury that if the defendant's negligence played any part no matter how small, the defendant was liable. The charge as a whole was not misleading or confusing and was based upon the evidence in the record. *Cope v. Burlington Northern R. Co.*, 907 F.2d 67, 70 (6th Cir.1990); *Savarese v. Agriss*, 883 F.2d 1194, 1202 (3d Cir.1989). The plaintiff's objection on this point is overruled.

4. *Jury Verdict*

When a district court grants a motion for a new trial based upon a verdict against the weight of the evidence, the district court necessarily has substituted its judgment of the facts and the credibility of the witnesses for that of the jury. *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir.1991). Therefore, a district court should only grant a new trial on that ground, if a miscarriage of justice would result by allowing the verdict to stand. *Id.* In other words, the verdict must cry out on the record to be overturned or the verdict "shocks [the court's] conscience." *Id.* at 1353. If the subject matter of the litigation is simple and within the understanding of a layman, the district court has less freedom to grant a new trial. *Id.* at 1352. The verdict in this case does not shock the conscience of the Court nor does it result in a miscarriage of justice.

The jury found that the defendant was negligent in maintaining the truck which the plaintiff was using on the date of the accident. From the testimony presented the jury had several options based upon the evidence as to causation. They could have found that the hole in the truck was the sole cause of the plaintiff's injuries. The jury also could have found that the pre-existing condition of the plaintiff was aggravated by the way the plaintiff was forced to exit the truck due to the defendant's negligence. They could have found that the plaintiff caused his own injuries by his own action of stepping out of the truck in a way which injured his back regardless of his pre-existing condition or defendant's negligence. They also could have found that the plaintiff had a pre-existing condition which the plaintiff aggravated by the way he stepped out of the truck, the defendant's negligence having no effect nor in any way causing the injury. The jury obviously found that one of the latter two scenarios fit the evidence.

***6** The plaintiff presented one version of the accident at trial and also gave several other versions in statements prior to trial. The credibility of the plaintiff was a primary issue

for jury resolution. The Court, in the previous section discussing the appropriateness of the charge, considered the relevant evidence on causation and will not restate it here. The jury was presented with conflicting testimony regarding causation. Where conflicting testimony and credibility are primary issues, a jury's determination of causation should not be lightly overturned. *Williamson,* 926 F.2d at 1352-53. The plaintiff's Motion for New Trial is DENIED. An appropriate Order follows.

*ORDER*

AND NOW, this 22nd day of April, 1992, upon consideration of Plaintiff's Motion for New Trial, Defendant's response, Plaintiff's Memorandum in Support, and Defendant's Memorandum in Opposition, IT IS HEREBY ORDERED that Plaintiff's Motion for New Trial is DENIED.

FN1. The *McDonough* case is distinguishable from the present case. In *McDonough* one juror gave an honest but mistaken response to a voir dire question. If the juror had responded to the question correctly, he possibly would have been stricken for cause or the response might have prompted a peremptory challenge. The Supreme Court held that his inclusion as a juror did not prejudice the plaintiff.

FN2. The Court gave the following instruction in the charge regarding this issue:

You are not permitted to reduce any award to which you may find that the plaintiff is entitled, because of unproven allegations that the plaintiff's treating physicians were negligent and may have caused him to suffer harm. These allegations of negligence have not been proven as a matter of law. I instruct you that there is not sufficient evidence in the record for you to find that any actions by those physicians who treated or operated upon the plaintiff were acts of such extraordinary negligence so as to relieve the defendant of negligence, if you have found any, for which the defendant may be liable.

E.D.Pa.,1992.
Fritz v. Consolidated Rail Corp.
Not Reported in F.Supp., 1992 WL 96285 (E.D.Pa.)