IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee of ALBERTO CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. CA 06 362 S |
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. CA 07 007 S |

**DEFENDANTS' OBJECTION TO PORTIONS OF MAGISTRATE JUDGE ALMOND'S REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS' EXPERTS ANDFOR SUMMARY JUDGMENT**

NOW COME the Defendants, GENERAL ELECTRIC COMPANY and MIDEA USA, INC., by and through their attorneys, and submit this Memorandum of Law in Support of their Objection to certain specific portions of Magistrate Judge Almond's October 2, 2007 Report and Recommendation on the Defendants' Motion to Preclude the Plaintiffs' Experts and for Summary Judgment. In support of their Objection, Defendants state as follows:



1148917.1

## I. PROCEDURAL HISTORY

On June 8, 2007, Defendants MIDEA USA, INC. and Defendant GENERAL ELECTRIC COMPANY (hereinafter referred to as the "Defendants") filed a Motion to Preclude Plaintiffs' Experts and for Summary Judgment. (Document No. 42), as well as a Memorandum in Support of its Motion to Preclude Plaintiffs' Experts (Document No. 43). Defendants also filed a Statement of Material Facts in support of that same motion on June 8, 2007 (Document No. 44) On June 11, 2007 and June 18, 2007, Defendants filed Supplemental Statements of Material Facts in Support of their Motion to Preclude the Testimony of Plaintiffs' Experts (Documents No. 45 and 46, respectively). The Plaintiffs' Response in Opposition to the Defendants' Motion was filed on June 22, 2007 (Document No. 47). On July 2, 2007, Defendants filed a Reply in Support of their pending Motion and a Third Supplemental Statement of Undisputed Facts (Documents Nos. 50 and 51) Oral argument of the Defendants' Motion to Preclude Plaintiffs' Experts and for Summary Judgment was held before Magistrate Judge Almond on September 14, 2007. On October 2, 2007, Magistrate Judge Almond filed a Report and Recommendation recommending that the District Court grant the Defendants' Motion to Preclude the Testimony of the Plaintiffs' Expert Witnesses and for Summary Judgment (Document No. 54).

Magistrate Judge Almond's Report and Recommendation set a deadline of October 12, 2007 for parties to file objections to his decision. The Report and Recommendation specifically noted that failure to file said objections in a timely manner would constitute a waiver of the parties' right to review by the District Court and a right to appeal the District Court's decision. On October 10, 2007, counsel for The Hartford Insurance Company filed an Objection to Magistrate Judge Almond's Report and Recommendation. (Document No. 57). Plaintiffs' filing of said Objection has put Magistrate Judge Almond's Report and Recommendation at issue,

thereby compelling the Defendants to file their own Objection to the portions of Magistrate Judge Almond's ruling that are adverse to them.

In bringing their Objection to a certain specific portion of Magistrate Judge Almond's Report and Recommendation (Subpart A of Section III, only), the Defendants hereby incorporate by reference and rely upon the arguments and factual assertions set forth in their pleadings identified in the prior paragraph (Document Nos. 42, 43, 44, 45, 46, 50 and 51).

## II. ARGUMENT

Defendants respectfully contest Magistrate Judge Almond's finding that Mr. Hossein Davoodi, the Plaintiff's fire origin expert, is qualified to render opinions about the origin of the Carvalhal fire. In reaching this determination, Magistrate Judge Almond accurately cites Mr. Davoodi's educational background, certification as a Fire and Explosion Investigator, and his prior experience as a Fire Origin Investigator (Page 6 of Magistrate Judge Almond's Report and Recommendation, attached hereto as Exhibit "A"). However, Defendants respectfully object to the apparent weight Magistrate Judge Almond gave to said facts in reaching his finding on the admissibility of Mr. Davoodi's opinions, and seek the District Court's *de novo* review of the totality of the evidence relevant to this issue.

During oral argument, counsel for the Defendants did concede that their attack on Mr. Davoodi's underlying qualifications to render fire origin opinions in this case was the "hardest part" of our argument. That being said, the Defendants did not concede that this was an argument could not win. To the contrary, at best the evidence proffered by Plaintiffs' counsel, and apparently relied upon by Magistrate Judge Almond, merely establishes that Mr. Davoodi is qualified to render fire origin opinions in a general sense. However, applicable case law provides that when a generalist, like Mr. Davoodi, fails to conduct an adequate investigation into

a product that they are unfamiliar with, their opinions regarding such a product may be deemed inadmissible. *Hochen v. Bobst Group*, 230 F.3d 445, 452 (1st Cir. 2002) (Referenced by Defendants' counsel during oral argument.; see Page 7 of Transcript of Oral Argument on September 14, 2007, attached hereto as Exhibit "B").

While the evidence that Magistrate Judge Almond cites in his Report and Recommendation might support the conclusion that Mr. Davoodi is a generalist in the field of fire origin investigations, Defendants point out that he clearly lacks adequate experience to render opinions placing the origin of a fire *within* a consumer product. Defendants respectfully suggest that Magaistrate Judge Almond failed to give adequate weight to the evidence establishing that Mr. Davoodi had no prior experience whatsoever investigating fires involving a water dispenser. More specifically, although Mr. Davoodi claims that he has investigated hundreds of fires, the Carvalhal incident was the first and only fire he investigated where a water dispenser was involved. (See pages 42-43 of Hossein Davoodi's deposition transcript, attached hereto as Exhibit "C") Notably, other than his degree in fire protection, Mr. Davoodi does not have any other professional engineering experience. (Exhibit C, pages 25-26) Furthermore, he is not a professional mechanical engineer, and is not a professional electrical engineer. *Id.* Moreover, Mr. Davoodi has never been involved with the design or manufacture of a water dispenser or any other consumer product. (Exhibit C, pages 74) In the absence of a showing of any specific expertise regarding water dispensers, Mr. Davoodi lacks adequate foundation to opine that the origin of the Carvalhal fire was *inside* the water cooler at issue. Consequently, Mr. Davoodi's fire origin opinions must be precluded in accordance with the holding in *Hochen.*

In light of the foregoing, Defendants request a *de novo* review and determination of Mr. Davoodi's qualification to render an expert opinion regarding the origin of the Carvalhal fire, in light of *Daubert* and *Kumho Tire*.

Defendants also respectfully contest Magistrate Judge Almond's finding that the methodology utilized by Mr. Davoodi in reaching his fire origin opinions in this care are scientifically sound. More specifically, Defendants dispute the conclusion that Mr. Davoodi's opinions in this matter are based upon sufficient facts or data, and reflect the reliable application of scientific principles to the facts of the case. As a basis for his determination on this issue, Magistrate Judge Almond cites Mr. Davoodi's report as evidence that the Plaintiffs' fire origin expert relied upon documented burn patterns to arrive at his opinion regarding the origin of the fire. (Exhibit A, page 6) . Magistrate Judge Almond's Report and Recommendation also makes specific cite to certain portions of Chapter 6 of NFPA 921. Defendants respectfully object to Magistrate Judge Almond's decision to give inordinate weight to Chapter 6 of NFPA 921 which addresses general principles of fire origin investigations, including reliance upon burn pattern evidence. By doing so, Magistrate Judge Almond has overlooked other provisions of NFPA 921 cited in the Defendants' initial Motion and Response Briefs that address specific requirements for the determination of the origin of a fire involving an electrical appliance.

Defendants also respectfully disagree with Magistrate Judge Almond's apparent rejection of their arguments pertaining to the prejudicial effect of Mr. Davoodi's failure to properly take and record measurements, failure to otherwise accurately and completely document the Carvalhal fire scene, and failure to retain other evidence at the fire scene, including but not limited to a coffeepot. (Exhibit A, page 7). Magistrate Judge Almond rejects the Defendants' claim that the failures to collect adequate evidence in this instance warrant the preclusion of Mr.

Davoodi's fire origin opinions. Instead, Magistrate Judge Almond expressly ruled that these failures should go to the weight to be afforded to Mr. Davoodi's opinions, not their admissibility. (*Id.*)

Defendants respectfully object to Magistrate Judge Almond's determination that the prejudicial effect of Mr. Davoodi's failure to retain adequate evidence from the Carvalhal fire scene can be adequately addressed through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" in this instance. (*Id.*) As Defendants noted during oral argument, Mr. Davoodi's failure to collect adequate evidence at the Carvalhal fire scene will actually *preclude* counsel for the Defendants from vigorously cross-examining him regarding many of his opinions in this case. In other words, because Mr. Davoodi failed to collect the relevant evidence during his fire origin investigation, the Defendants have no access to potentially contrary evidence, and thus cannot present same to a jury in an effort to rebut Mr. Davoodi's opinions. In addition to greatly prejudicing the Defendants' ability to defend this case, Mr. Davoodi's negligence in this regard clearly reflects his failure to reliably apply scientific principles in reaching his opinions in this matter. One of the basic tenets of scientifically sound methodology is the collection and retention of reliable empirical evidence. Mr. Davoodi's failures in this regard, as described in greater detail in the Defendants' underlying Motion, demonstrate his failure to follow that tenet, thereby rendering his opinions scientifically unreliable.

Most notably, Mr. Davoodi's failure to retain a coffeepot that was located in the same corner of the Carvalhal kitchen as the Defendants' water dispenser is highly prejudicial to the Defendants and further reflects his failure to apply proper scientific principles in this instance. One of the tenets of the scientific method is to identify and rule out alternative hypothesis. In

this instance, Mr. Davoodi's failure to retain the coffeepot has denied the Defendants an opportunity to conduct their own analysis of same to determine whether or not it was properly ruled out as the origin of the Carvalhal fire. As Plaintiffs' counsel himself acknowledged during oral argument, "coffeepot fires are common. It would have been a very easy case. Water dispenser fires, (sic) not very common at all." (Exhibit B, page 30). This concession further emphasizes the prejudicial effect of Mr. Davoodi's failure to retain the available evidence in this case, as he was required to do by the scientific method. Once again, Mr. Davoodi's conduct in this regard, as described in greater detail in the Defendants' underlying Motion, demonstrate his failure to abide by appropriate scientific methodology, thereby rendering his opinions unreliable and inadmissible.

In light of the foregoing, Defendants respectfully request a *de novo* review and determination of whether Mr. Davoodi's opinions in this matter are based upon sufficient facts or data, and whether the opinions reflect the reliable application of scientific principles to the facts in this case.

## CONCLUSION

WHEREFORE, Defendants, MIDEA USA, INC. and GENERAL ELECTRIC respectfully request that the District Court modify Magistrate Judge Almond's Report and Recommendation in part, and enter a final Order precluding the testimony of all the Plaintiff's experts, Houssein Davoodi, Ara Nalbandian and Michael Cooney. Furthermore, Defendants respectfully request that the District Court enter final judgment in favor of the Defendants as to all claims in the Plaintiffs' Complaint.

Dated: October 12, 2007

/s/ Rodd E. Elges, Esq.
DOMINICK W. SAVAIANO
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
dsavaiano@clausen.com
relges@clausen.com
Attorneys for Defendants

AND

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

**CERTIFICATE OF MAILING AND ELECTRONIC SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was mailed to the following attorney(s) of record with sufficient postage thereon, on the 12th day of October, 2007. I hereby further certify that a true and correct copy of the above and foregoing was transmitted electronically to the following attorney(s) of record, on the 12th day of October, 2007.

Mark Dana, Esq.
Robert A. D'Amico, II, Esq.
536 Atwells Ave., Suite 1
Providence, RI 02909
401.454.1212
Fax: 401.454.4809
rad@dblawri.com
mwd@mdlawri.com

Richard Ari Van Tienhoven, Esq.
Van Tienhoven & Cotter, Ltd.
312 South Main Street
Providence, Rhode Island 02903;
ravt.ksc@conversent.net

Erik Loftus
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860.292.1116
eloftus@sbcglobal.net

Joseph-Anthony DiMaio
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, Rhode Island 02861
(401) 723-9655
Fax: (401) 722-9106
contact@mckinnonharwood.com

/s/ Rodd E. Elges, Esq.
Rodd E. Elges
CLAUSEN MILLER P.C.
10 S. LaSalle St.
Chicago, Illinois 60603
Phone: (312) 855-1010