IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, as Subrogee of ALBERTO CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. CA 06 362 S |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF HARTFORD INSURANCE COMPANY 'S MOTION FOR TIME IN WHICH TO DISCLOSE EXPERT WITNESSES**

NOW COME the Defendants, MIDEA USA, INC. and GENERAL ELECTRIC COMPANY, and hereby files this Memorandum in Support of Their Objection to Plaintiff, HARTFORD INSURANCE COMPANY'S Motion for Time in Which to Disclose Expert Witnesses. In objecting to Plaintiff's Motion, Defendants state as follows:

## I. PROCEDURAL HISTORY

Plaintiff filed its original Complaint at Law in the Superior Court of Rhode Island on July 16, 2006. On August 9, 2006, Defendants duly filed an appropriate Notice removing Plaintiff's lawsuit to the Federal Court (Doc. 1). On October 16, 2006, the Court entered a Pre-Trial Order setting February 16, 2007 as the deadline for the parties' Rule 26(a)(2) disclosures (Doc. 16). Plaintiff filed their Rule 26(a)(2) disclosures for certain retained expert witnesses, including Ara Nalbandian and Michael Cooney on December 13, 2006. On February 16, 2007, the Defendants likewise filed a disclosure of experts' testimony in accordance with Rule 26(a)(2)(Attached hereto and made a part hereof is a copy of Defendants' Rule 26(a)(2) Disclosure as Exhibit A).

Thereafter, pursuant to a Motion filed by the Defendants before the fact discovery deadline, the Court extended the deadline for completion of discovery to April 16, 2007 (Text Order of 2/20/07). Pursuant to a Motion filed by the Defendants on April 4, 2007 (before the deadline it sought to extend), the Court granted Defendants leave to depose two of the Plaintiff's retained experts by no later than May 31, 2007. (Text Order of 4/11/07). Thereafter, Ara Nalbandian's deposition was completed on May 15, 2007, and Michael Cooney's deposition was completed on May 16, 2007. Thus, by mid-May 2007, the depositions of all of the Plaintiff's experts had been completed.

Pursuant to notice issued on May 14, 2007, a Summary Judgment Conference was held before Judge Smith on May 29, 2007. (Text Orders of 5/14/07 and 5/29/07). During the May 29th hearing, counsel for the Defendants advised both the Court and Plaintiff's counsel that they would be filing a *Daubert* motion. On June 8, 2007, Defendants MIDEA USA, INC. and Defendant GENERAL ELECTRIC COMPANY (hereinafter referred to collectively as the "Defendants") filed a Motion to Preclude Plaintiffs' Experts and for Summary Judgment (Document No. 42), as well as a Memorandum in Support of its Motion to Preclude Plaintiffs' Experts (Document No. 43). The Plaintiffs' Response in Opposition to the Defendants' Motion was filed on June 22, 2007 (Document No. 47). On July 2, 2007, Defendants filed a Reply in Support of their pending Motion (Document No. 50).

Initially, a Court Order entered on July 17, 2007 set oral argument of the Defendants' Motion to Preclude Plaintiffs' Experts and for Summary Judgment for August 15, 2007. (Text Order of 7/17/07). However, in order to accommodate the schedule of Plaintiff's counsel, a Court Order entered on July 19, 2007 rescheduled the oral argument to September 5, 2007. (Text Order of 7/19/07). Thereafter, once again to accommodate Plaintiff's schedule, oral argument of the Defendants' Motion was rescheduled to September 14, 2007. (Text Order of 8/14/07).

Magistrate Judge Almond heard oral arguments from the parties on September 14, 2007. On October 2, 2007, Magistrate Judge Almond filed his Report and Recommendation which recommended that the District Court grant the Defendants' Motion to Preclude the Testimony of the Plaintiffs' Expert Witnesses and for Summary Judgment (Document No. 54).

On October 10, 2007, eight days *after* Magistrate Judge Almond's ruling on the Defendants' Motion to Preclude Plaintiffs' Experts, Plaintiff, The Hartford Insurance Company, filed a Motion for an Extension of Time to Disclose Additional Causation Experts to testify on their behalf in this matter. (Doc. 58). Thereafter, the Defendants filed their Objection to the subject Motion, and hereby tender this Memorandum of Law in Support thereof.

## II. ARGUMENT

### A. Plaintiff's Motion Must be Denied Because it Fails to Comply with Local Rule 7

On October 10, 2007, counsel for Plaintiff HARTFORD INSURANCE COMPANY filed a Motion for Time in Which to Disclose Expert Witnesses. (A true and accurate copy of said Motion is attached hereto as Exhibit "B"). While Plaintiff's Motion states that it seeks "an extension of time to disclose experts related to causation" (Exhibit B, page 1), the disputed Motion was filed more than four months *after* the deadline for the completion of discovery in this case.

Local Rule CV 7(a) of the United States District Court for the District of Rhode Island provides in relevant part that:

> "(E)very motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief and shall be accompanied by a separate memorandum of law setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion." - LR Cv 7(a)

In this instance, Plaintiff's Motion fails to comply with Local Rule CV 7(a) in that they have not provided a separate memorandum of law setting forth the reasons why the relief

requested should be granted, along with applicable points and authorities supporting their motion. Considering the procedural standing of this case (as outlined above), the Court should not construe the Plaintiff's Motion as a simple request for an extension of time. To the contrary, Plaintiff's Motion seeks leave of Court to *reopen discovery* in this matter. Because Plaintiff has failed to comply with the provisions of Local Rule CV 7(a), Defendants object to the Motion seeking to re-open discovery and for leave to disclose additional causation experts. In light of the foregoing, Defendants respectfully request that the Plaintiff's Motion filed on October 10, 2007 be denied.

**B. The Disputed Motion Must be Denied Because Plaintiff Cannot Establish that their Failure to Disclose Qualified Causation Experts in a Timely Manner Amounts to "Excusable Neglect"**

Although Rule 6(b) allows a court "in its discretion" to extend any filing deadlines "for cause shown", a post-deadline extension is permissible only where the failure to meet the deadline "was the result of excusable neglect." Fed. R. Civ. Proc. 6(b). Discovery closed in this case on May 31, 2007. Consequently, the Plaintiff's current motion seeking leave of court to disclose additional causation witnesses must be construed as a "motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . ." Fed. R. Civ. Proc. 6(b).

Simply put, Plaintiff's Motion has not (and cannot) establish that their failure to disclosure qualified causation experts "was the result of excusable neglect" as required by Rule 6(b). To the contrary, Plaintiff's own Motion acknowledges that "Such an expert was not retained prior to the expiration of the original scheduling order due to Plaintiff's counsel's opinions as to the reliability of the opinions of its disclosed experts." (Exhibit B, para. 6, p. 2). As a matter of fact, Plaintiff's counsel remained confident in the adequacy of his prior cadre of experts during oral argument of Defendants' Motion on September 14, 2007. It was only after

the issuance of Magistrate Judge Almond's Report and Recommendation on October 2, 2007, that Plaintiff's counsel concluded that their own "opinions as to the reliability of the opinions of its disclosed experts" were unfounded.

"(A) litigants failure to buttress its position because of confidence in the strength of that position is always indulged in at the litigant's own risk." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 897, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In accordance with *Lujan*, the Plaintiff's failure to buttress its position in this instance because of their confidence in the strength of their belief that Mr. Nalbandian and Mr. Cooney's opinions would be admissible in this case was indulged in at their own risk.

Like the plaintiffs in *Lujan*, opposing counsel was given ample notice that the viability of their case would be put at issue by virtue of a dispositve motion. Plaintiff's counsel was first put on notice that the testimony of their retained experts would need to satisfy the standards set forth in *Daubert* and *Kumho Tire* on August 9, 2006, when Defendants filed a Notice removing Plaintiff's lawsuit to the Federal Court (Doc. 1). Next, the Defendants' identification of Duncan Glover, an electrical engineer, as a retained expert witness in their Rule 26(a)(2)(A) disclosure filed on February 16, 2007 (attached hereto as Exhibit "A"), gave Plaintiff further warning that the causation issues in this case were well outside the expertise of Mr. Nalbandian and Mr. Cooney. The necessity of having adequate expertise to opine on electrical issues was also emphasized at the depositions of Plaintiff's experts which were completed by mid-May 2007. During said depositions (which Plaintiff's counsel attended), counsel for the Defendants' clearly established that neither Mr. Nalbandian nor Mr. Cooney possessed the requisite expertise to opine on the relevant electrical issues in this case. Finally, during the Summary Judgment Conference held on May 29, 2007, ten days prior to the Defendants' filing their Motion to Exclude the Testimony of the Plaintiff's Experts, counsel for the Defendants informed both

opposing counsel and the Court that they would be filing a motion challenging the admissibility of the disputed expert opinions in accordance with *Daubert.*

Despite Defendants' own disclosure of an electrical expert, the groundwork laid for a *Daubert* challenge during Mr. Nalbandian's and Mr. Cooney's respective depositions, and the express warning about a forthcoming *Daubert* motion provided to Plaintiff's on May 29, 2007, opposing counsel made no attempt whatsoever to request or obtain leave of court to disclose additional experts or otherwise supplement the opinions of their existing experts. To the contrary, Plaintiff's counsel did nothing until October 10, 2007, eight days *after* Magistrate Judge Almond recommended that the Defendants' Motion to Preclude Mr. Nalbandian and Mr. Cooney's testimony be granted.

Since the issuance of the *Daubert* decision, litigants have been put on notice about the exacting standards of reliability that expert witness testimony must meet to be admissible. *Weisgram v. Marley Company*, 528 U.S. 440, 455, 120 S.Ct. 1011 (2000). Moreover, "It is implausible to suggest, post-*Daubert*, that parties will initially present less than their best evidence in the expectation of a second chance should their first try fail." *Id.* In light of *Daubert*, parties who fail to use due diligence to proffer the strongest available expert witness testimony do so at their own peril. *Id.* at 456, (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 897, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). Granting Plaintiff's Motion for Time in Which to Disclose Expert Witnesses in this instance would only serve to reward the Plaintiff for taking such a risk, while simultaneously punishing the Defendants' diligence in bringing their *Daubert* Motion. Considering both facts and applicable law outline above, it is clear that Plaintiff's Motion must be denied because Plaintiff's failure to disclose competent witnesses in this case cannot be construed as "excusable neglect."

## III. CONCLUSION

In light of the foregoing, Plaintiff, HARTFORD INSURANCE COMPANY'S Motion for an Extension of Time to Disclose Expert Witnesses must be denied. Plaintiff has not complied with Local Rule 7 by failing to attach a supporting memorandum explaining either the relevant facts or authorities which warrant the Court granting them additional time to retain and disclose an expert witness in this matter. More importantly, Plaintiff has failed to comply with Rule 6(b) in that they have not shown that their failure to disclose qualified causation experts "was the result of excusable neglect." Furthermore, because Plaintiff's request was filed only after the issuance of Magistrate Judge Almond's Report and Recommendation dated October 2, 2007, the proposed extension of time is highly prejudicial to Defendants.

WHEREFORE, these Defendants hereby request that Plaintiff's Motion for an Extension of Time in Which to Disclose Expert Witnesses filed on October 10, 2007, be denied.

Dated: October 19, 2007

/s/ Rodd E. Elges, Esq.
DOMINICK W. SAVAIANO
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
dsavaiano@clausen.com
relges@clausen.com
Attorneys for Defendants

AND

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

# APPENDIX

| | |
|---|---|
| Exhibit A | Defendants' Rule 26(a)(2) Disclosure |
| Exhibit B | Plaintiff's Motion |

**CERTIFICATE OF MAILING AND ELECTRONIC SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was mailed to the following attorney(s) of record with sufficient postage thereon, on the 19th day of October, 2007. I hereby further certify that a true and correct copy of the above and foregoing was transmitted electronically to the following attorney(s) of record, on the 19th day of October, 2007.

Mark Dana, Esq.
Robert A. D'Amico, II, Esq.
536 Atwells Ave., Suite 1
Providence, RI 02909
401.454.1212
Fax: 401.454.4809
rad@dblawri.com
mwd@mdlawri.com

Richard Ari Van Tienhoven, Esq.
Van Tienhoven & Cotter, Ltd.
312 South Main Street
Providence, Rhode Island 02903;
ravt.ksc@conversent.net

Erik Loftus
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860.292.1116
eloftus@sbcglobal.net

Joseph-Anthony DiMaio
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, Rhode Island 02861
(401) 723-9655
Fax: (401) 722-9106
contact@mckinnonharwood.com

/s/ Rodd E. Elges
Rodd E. Elges
CLAUSEN MILLER P.C.
10 S. LaSalle St.
Chicago, Illinois 60603
Phone: (312) 855-1010