**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE HARTFORD INSURANCE COMPANY, As Subrogee of Alberto and Eugenia Carvalhal | : | |
| v. | : | C.A. No.: 06-362S |
| GENERAL ELECTRIC COMPANY and MIDEA USA, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF HARTFORD INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE ALMOND'S REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTION TO PRECLUDE THE PLAINTIFF'S EXPERTS AND FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, Hartford Insurance Company, by and through its attorneys, and submits this Memorandum of Law in Support of its Response to the Defendants' Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude its Expert Witness and for Summary Judgment.

In particular, the Defendants have objected to Magistrate Judge Almond's determination that the Plaintiff's expert witness, Hossein Davoodi, should be allowed to testify as to his opinions regarding the origin of the fire which is the subject of this action. Contrary to the arguments set forth in the Defendants' Objection, Magistrate Judge Almond's determination that the Plaintiff's expert Hossein Davoodi should be allowed to testify is clearly substantiated by all of the evidence in this matter, and reflects the appropriate application of law.

In support of its Response, the Plaintiff adopts its previously filed Objection to Defendants' Motion to Preclude Plaintiff's Experts and for Summary Judgment, together with its accompanying memorandum of law.[1] Beyond the arguments and analysis set forth in those documents, the Plaintiff further states, in support of its objection, the following:

A. **PROCEDURAL HISTORY**

On June 8, 2007, the Defendants filed their Motion to Preclude Plaintiff's Experts and for Summary Judgment. The Plaintiff's response was filed on June 22, 2007. After some initial scheduling difficulties, argument on the motion was set for September 14, 2007 in front of Magistrate Judge Almond. The Court's clerk informed the Plaintiff that Judge Almond would not be allowing expert testimony at that hearing. On October 2, 2007, Magistrate Judge Almond filed his Report and Recommendation in which he recommended, among other things, allowance of the Plaintiff's fire origin expert, Hossein Davoodi. The Defendants have objected to this portion of Magistrate Judge Almond's Report and Recommendation.

B. **ANALYSIS**

Defendants' Memorandum of Law in Support of their Objection to the Report and Recommendation claims that the Court must reject the Recommendation to allow Mr. Davoodi's testimony because (1) Hossein Davoodi is a "generalist" and has not specifically investigated a water dispenser fire, (2) Mr. Davoodi failed to properly follow

---

[1] Although these documents are submitted by reference only, they contain the factual scenario of the loss as well as applicable law and arguments for the admissibility of the Plaintiff's experts.

protocols listed in NFPA 921, (3) Mr. Davoodi failed to properly document the fire scene, and (4) Mr. Davoodi failed to retain crucial evidence. These arguments are identical to those set forth in the original Motion to Preclude the Plaintiff's Experts filed by the Defendants. Magistrate Judge Almond correctly determined that either these arguments were without merit, or would go to the weight of the testimony as opposed to its admissibility.

Magistrate Judge Almond determined that Mr. Davoodi is amply qualified to deliver a fire origin opinion based on his master's degree in fire protection, the title of Professional Engineer in Fire Protection, as well as his lengthy experience investigating fires. The Defendants' argument that Mr. Davoodi's opinions are not reliable because he has not investigated prior water dispenser fires is without merit. As noted by Magistrate Judge Almond during oral argument, such a prohibition would disallow credible fire investigations on every new piece of electronic equipment that comes into the market. Burn patterns are burn patterns and it is inconsequential that they appear on a wood framed dwelling or on plastic components of a consumer appliance as an experienced fire investigator will be able to determine the origin of a fire based on the patterns and level of char.

Magistrate Judge Almond also correctly noted that Mr. Davoodi's investigation of the fire was, in large part, completely in accordance with the most significant provisions of NFPA 921. Visual examination of burn patterns is the most important investigative tool used by fire investigators in determining origin, and Mr. Davoodi relied heavily on the burn patters in reaching his opinion. The fact that he may not have complied with every

provision of NFPA 921 does not make his opinion less admissible, but rather could possibly go to the weight of his opinion and is properly addressed through cross-examination.

With respect to the Defendants' contentions that Mr. Davoodi should be disallowed from testifying due to his failure to take precise measurements on all aspects of the fire scene and his failure to retain evidence the Defendants feel is relevant, Magistrate Judge Almond correctly determined that this is also an issue which goes to the weight of Mr. Davoodi's testimony. While the Defendants have claimed prejudice as a result of these "failures", they have failed to provide any substantiation of this claim. The fire scene was documented thoroughly by both Mr. Davoodi and the fire department through photographs which depict the burn patterns necessary to determine fire origin. The Defendants have not alleged that these obvious burn patterns lead to any other source of the fire, other that the water dispenser. While a coffeepot was in the vicinity of the water dispenser according to one photograph, there is no evidence that the burn patterns lead to any other location other than directly where the water dispenser was situated. The coffeepot is simply a "red herring" which, while possibly casting doubt on the cause of the fire, is not sufficient evidence to disallow testimony of an otherwise impeccable fire investigation.

**C. CONCLUSION**

In light of the foregoing, the District Court must reject the Defendants' Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment. Contrary to the arguments

set forth in the Defendants' Objection, Magistrate Judge Almond's determination that the Plaintiff's expert, Hossein Davoodi, should be allowed to testify is clearly substantiated by all the evidence in this matter, and reflects the appropriate application of law.

WHEREFORE, the Plaintiff, HARTFORD INSURANCE COMPANY, respectfully requests that this Honorable Court enter an order adopting the portion of Magistrate Judge Almond's Report and Recommendation related to the admissibility of Hossein Davoodi.

Plaintiff, The Hartford Insurance Company,
As Subrogee of Alberto Carvalhal,
By its attorneys,

/s/ Erik Loftus, Esq.
Law Office of Stuart Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
(860) 292-1116
(860) 292-1221 fax

/s/ Richard A. van Tienhoven- #2628
/s/ Kevin S. Cotter - #3112
van Tienhoven & Cotter, Limited
312 South Main Street
Providence, RI 02903
(401) 454-5350
(401) 454-5170 Fax

Dated:

## CERTIFICATION

I, the undersigned, hereby certify that on this 22nd day of October, 2007, the foregoing was mailed, postage prepaid, to: **Erik Loftus, Esq.**, Law Office of Stuart Blackburn, Two Concorde Way, PO Box 608, Windsor Locks, CT 06096; **Joseph DiMaio, Esq.**, Law Offices of McKinnon & Harwood, 1168 Newport Avenue, Pawtucket, RI 02861; **Dominick W. Savaiano, Esq.**, Clausen Miller PC, Ten South La Salle Street, Chicago, IL 60603; and **Rodd E. Elges, Esq.**, Clausen Miller PC, Ten South La Salle Street, Chicago, IL 60603.

/s/ Kevin S. Cotter - #3112