IN THE UNITED STATES DISTRICT COURT
FOR RHODE ISLAND

| | | |
|---|---|---|
| EUGENIA CARVALHAL<br><br>Plaintiff<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and MIDEA USA, INC.<br><br>Defendant | ) | No. 07-007 S (Consolidated with 06-362 ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO PLAINTIFF EUGENIA CARVALHAL'S OBJECTION TO MAGISTRATE JUDGE ALMOND'S REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO PRECLUDE THE PLAINTIFF'S EXPERT'S AND FOR SUMMARY JUDGEMENT**

NOW COME the Defendants, MIDEA USA, INC. and GENERAL ELECTRIC COMPANY, and hereby files this Memorandum in Support of their Response to Plaintiff Eugenia Carvalhal's Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment. As part of their Response, the Defendants file this Memorandum of Law. Defendants further hereby incorporate by reference their initial Motion, the related Statements of Material Fact, and their Reply Brief in support of same. In response to Plaintiff's Objections, Defendants state as follows:

## I. PROCEDURAL HISTORY

Plaintiff filed its original Complaint at Law in the Superior Court of Rhode Island on December 14, 2006. On January 5, 2007, Defendants duly filed an appropriate Notice removing Plaintiff's lawsuit to the Federal Court (Doc. 26). On February 2, 2007, the Court entered an order consolidating this case with the related case *Hartford Insurance Co. v. Midea USA, Inc. and General Electric Co.* (Text Order 2/2/07).

On October 16, 2006, the Court entered a Pre-Trial Order in *Hartford Insurance Co. v. Midea USA, Inc. and General Electric Co.* setting February 16, 2007 as the deadline for the parties' Rule 26(a)(2) disclosures (Doc. 16). Plaintiff Hartford filed their Rule 26(a)(2) disclosures for certain retained expert witnesses, including Ara Nalbandian and Michael Cooney on December 13, 2006. (Attached hereto and incorporated herein are Plaintiff Hartford's disclosures for Ara Nalbandian as Exhibit "A", and for Michael Cooney, as Exhibit "B".) On February 16, 2007, the Defendants likewise filed a disclosure of experts' testimony in accordance with Rule 26(a)(2)(Attached hereto and made a part hereof is a copy of Defendants' Rule 26(a)(2) Disclosure as Exhibit "C").

Thereafter, pursuant to a Motion filed by the Defendants, the Court extended the deadline for completion of discovery to April 16, 2007 (Text Order of 2/20/07). Pursuant to a Motion filed by the Defendants on April 4, 2007, the Court granted Defendants leave to depose two of the Plaintiff's retained experts by no later than May 31, 2007. (Text Order of 4/11/07). Thereafter, Ara Nalbandian's deposition was completed on May 15, 2007, and Michael Cooney's deposition was completed on May 16, 2007. Thus, by mid-May 2007, the depositions of all of the Plaintiff Hartford's experts had been completed. To date, Plaintiff Eugenia Carvalhal has not filed a Rule 26(a)(2) disclosure. Likewise, Plaintiff Eugenia Carvalhal has not adopted Plaintiff Hartford's Rule 26(a)(2) disclosures or their experts in any way, shape, or form.

Pursuant to notice issued on May 14, 2007, a Summary Judgment Conference was held before Judge Smith on May 29, 2007. (Text Orders of 5/14/07 and 5/29/07). During the May 29th hearing, counsel for the Defendants advised both the Court and Plaintiff's counsel that they would be filing a *Daubert* motion. On June 8, 2007, Defendants MIDEA USA, INC. and Defendant GENERAL ELECTRIC COMPANY (hereinafter referred to collectively as the

"Defendants") filed a Motion to Preclude Plaintiffs' Experts and for Summary Judgment (Document No. 42), as well as a Memorandum in Support of its Motion to Preclude Plaintiffs' Experts (Document No. 43). Plaintiff Eugenia Carvalhal's Response in Opposition to the Defendants' Motion was filed on June 29, 2007 (Document No. 49) (A true and accurate copy of pages 1-2 of Plaintiff Eugenia Carvalhal's Response is attached hereto as Exhibit "D"). On July 2, 2007, Defendants filed a Reply in Support of their pending Motion (Document No. 50).

Initially, a Court Order entered on July 17, 2007 set oral argument of the Defendants' Motion to Preclude Plaintiffs' Experts and for Summary Judgment for August 15, 2007. (Text Order of 7/17/07). However, in order to accommodate the schedule of Plaintiff Hartford's counsel, a Court Order entered on July 19, 2007 rescheduled the oral argument to September 5, 2007. (Text Order of 7/19/07). Thereafter, once again to accommodate Plaintiff Hartford's schedule, oral argument of the Defendants' Motion was rescheduled to September 14, 2007. (Text Order of 8/14/07). Magistrate Judge Almond heard oral arguments from the parties on September 14, 2007. On October 2, 2007, Magistrate Judge Almond filed his Report and Recommendation which recommended that the District Court grant the Defendants' Motion to Preclude the Testimony of the Plaintiffs' Expert Witnesses and for Summary Judgment (Document No. 54).

On October 12, 2007, counsel for Plaintiff EUGENIA CARVALHAL filed her Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment along with a Memorandum of Law (A true and accurate copy of Plaintiff Eugenia Carvalhal's Memorandum of Law is attached hereto as Exhibit "E"). Thereafter, the Defendants filed their Response to the Plaintiff Eugenia Carvalhal's Objection and hereby tender this Memorandum of Law in Support thereof.

## II. ARGUMENT

In Plaintiff Eugenia Carvalhal's Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment, she argues that (1) the Report and Recommendation should be rejected because the Plaintiff The Hartford's expert witnesses are in fact qualified to render the challenged opinions, and/or in the alternative, (2) that an evidentiary hearing should be conducted to further explore the basis for the opinions of Plaintiff The Hartford's disclosed expert witnesses. However, careful consideration of the procedural history of this matter, as well as the uncontested facts, reveal that Plaintiff Eugenia Carvalhal's objections in this regard are baseless and must be rejected. Consequently, this Honorable Court should adopt Magistrate Judge Almond's Report and Recommendation as it pertains to the admissibility of the testimony of Ara Nalbandian and Michael Cooney in its entirety. Furthermore, because Plaintiff Eugenia Carvalhal's objections are without merit, the District Court should enter a Final Judgment in favor of Defendants as to all claims in her Complaint.

### A. Plaintiff Eugenia Carvalhal Lacks Standing to File an Objection in this Instance Because She Failed to Disclose Any Expert Witnesses, Nor Did She Adopt Plaintiff Hartford's Experts as Her Own

Plaintiff Eugenia Carvalhal lacks any standing or basis whatsoever to object to Magistrate Judge Almond's Recommendation and Report barring the testimony of Ara Nalbandian and Michael Cooney because *she never disclosed* them as experts in this litigation. To the contrary, Plaintiff Eugenia Carvalhal has not disclosed any expert witnesses of her own, nor has she adopted those disclosed by the Plaintiff Hartford. Consequently, Defendants' Motion for Summary Judgment as to the claims set forth in her Complaint must be granted.

Rule 26 of the Federal Rules of Civil Procedure provides:

> (A) In addition to the disclosures required by paragraph (1), a party **shall** disclose to other parties, the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> ***
>
> (C) These disclosures **shall** be made at the times and in the sequence directed by the court...

Fed. R. Civ. Pro. R. 26(A)(2) (West 2000) (emphasis added).

Plaintiff Eugenia Carvalhal never sought (nor obtained) relief from the Court's initial Pre-Trial Order which set February 16, 2007 as the deadline for the parties' Rule 26(a)(2). Moreover, Plaintiff Eugenia Carvalhal did not file a Rule 26(a)(2) disclosure after the deadline for the completion of discovery was pushed back to April 16, 2007 pursuant a Motion brought by the Defendants. To date, Plaintiff Eugenia Carvalhal has not filed a disclosure as required by Rule 26(A)(2) nor have they adopted those filed by Plaintiff Hartford. Consequently, Plaintiff Eugenia Carvalhal has waived the opportunity to make such a disclosure of her own and is not entitled to rely upon Plaintiff Hartford's experts. In the absence of any formal adoption of Plaintiff Hartford's experts in this case, Plaintiff Eugenia Carvalhal lacks any standing whatsoever to object to Magistrate Judge Almond's Report and Recommendation barring the opinions of Ara Nalbandian and Michael Cooney. .

### B. Alternatively, Plaintiff's Objection to the Preclusion of Plaintiff's Expert Witnesses Should be Overruled as Plaintiff Relies on the Incorrect Standard to Assess Expert Testimony and Offers No Basis to Reject Magistrate Judge Almond's Report and Recommendation

Alternatively, assuming, *arguendo*, that Plaintiff Eugenia Carvalhal does have standing to object to Magistrate Judge Almond's Report and Recommendation regarding the preclusion of Plaintiff Hartford's expert witnesses, the Plaintiff's objection should be overruled because it attempts to apply the wrong standard and is substantively inadequate.

Plaintiff Eugenia Carvalhal incorrectly relies on the expert witness standard under Rhode Island law rather than the applicable Federal Court standard. The Federal Rules of Evidence apply in diversity proceedings because they address procedural matters, were duly passed by Congress, and shall be presumed constitutionally valid unless they cannot rationally be characterized as rules of procedure. *Cameron v. Otto Bock Orthopedic Industry, Inc.*, 43 F.3d 14, 19 (1st Cir. 1994). Specifically, the exclusion or admission of testimony is governed by the Federal Rules of Evidence in diversity cases. *Forrestal v. Magendantz*, 848 F.3d 303, 305 (1st Cir. 1988).

Plaintiff relies heavily on *DiPetrillo v. Dow Chemical Co.*, 729 A.2d 677 (R.I. 1999) and *Owens v. Silvia*, 838 A.2d 881 (R.I. 2003) to set forth the standard for expert testimony and the application of *Daubert*. However, both these cases are applying *Daubert* to Rhode Island's local rules and the state rules of evidence. Plaintiff even admits "Although the court in *DiPetrillo* declined to expressly adopt the standards outlined by the United States Supreme Court in *Daubert*, the court drew guidance from the principles of that case." (Exhibit E, page 3; citing to *Owens*, 838 A.2d at 890). Thus, not only is Plaintiff incorrectly looking towards the Rhode Island Rules of Evidence to explain what they believe to be the standard for expert testimony, but they are also attempting to use an expert standard, which Rhode Island courts have expressly stated do not comply fully with the federal court's Federal Rules of Evidence or the application of such rules in *Daubert*.

From a substantive prospective, Plaintiff Eugenia Carvalhal's Objection is devoid of evidentiary support for her contention that Magistrate Judge Almond's Report and Recommendation should be rejected. To the contrary, Plaintiff Eugenia Carvalhal simply point to segments of Mr. Nalbandian and Mr. Cooney's deposition testimony to which Defendants

have provided rebuttal argument in their Reply Brief. (Document No. 50). While Plaintiff Eugenia Carvalhal may not agree with Magistrate Judge Almond's decision to reject her contention that Mr. Nalbandian's and Mr. Cooney's joint failure to perform scientifically sound testing was a result of the lack of available evidence (as opposed to grossly flawed methodology), she has failed to offer any basis for the District Court to conclude that Magistrate Judge Almond's determination in this regard was incorrect.

### C. Plaintiff Eugenia Carvalhal's Request, made in the Alternative, for an Evidentiary Hearing Must Rejected

In addition to arguing that the District Court should reject the Report and Recommendation because she disagrees with the Magistrate Judge Almond's rationale in reaching his conclusion, Plaintiff Eugenia Carvalhal requests that the District Court conduct an evidentiary hearing to further explore the basis of the expert witnesses that she have never disclosed nor adopted as her own. In addition to lacking any standing in this regard, Plaintiff Eugenia Carvalhal's must be rejected because she failed to comply with Local Rule CV 7(e), she was not otherwise entitled to an evidentiary hearing as a matter of right, and she was not prejudiced in any way by the absence of an evidentiary hearing in this case.

#### (1) Plaintiff Eugenia Carvalhal was Not Entitled to an Evidentiary Hearing

Local Rule CV 7(e) of the United States District Court for the District of Rhode Island provides in relevant part that:

> "Need for Evidentiary Hearing. All motions and objections shall contain a statement by counsel as to whether oral argument ***and/or*** an evidentiary hearing is requested; and, if so, the estimated time that will be required." LR. CV 7(e) (Emphasis added)

In this instance, Plaintiff Eugenia Carvalhal was not entitled to an evidentiary hearing because they never requested one as expressly required by Local Rule CV 7(e). On June 29,

2007, Plaintiff filed her Objection to the Defendants' Motion to Preclude the Plaintiff's Experts Testimony and Objection to Summary Judgment. (Doc. 49, a copy of which is attached hereto as Exhibit D) Although Plaintiff Eugenia Carvalhal's Objection as filed on June 29, 2007 did request oral argument, her Objection makes no mention whatsoever that the Plaintiff desired to have an evidentiary hearing in this instance. (Exhibit D, page 1, para. 2) Local Rule CV 7(e)'s plain language reaffirms (and thereby puts parties on notice) that there is a clear distinction between oral argument and an evidentiary hearing. The provisions of Local Rule CV 7(e) clearly establish that it is a litigant's responsibility to include a request for same in their written motion or objection

If Plaintiff Eugenia Carvalhal's failure to request an evidentiary hearing in accordance with Local Rule CV 7(e) was a mistake, she had ample time to correct this error. Plaintiff's counsel was put on notice that Magistrate Judge Almond did not intend to permit Mr. Nalbandian and Mr. Cooney to testify during an evidentiary hearing by no later than July 18, 2007 (A true and accurate copy of correspondence sent to Robert D'Amico by Erik Loftus on July 18, 2007 is attached hereto and incorporated herein as Exhibit "F".) Oral argument regarding the Defendants' Motion for Summary Judgment was not held until September 14, 2007. Consequently, Plaintiff Eugenia Carvalhal's counsel had roughly two months to request and obtain leave of court to conduct an evidentiary hearing. Instead, Plaintiff did nothing to get an evidentiary hearing until ten days *after* Magistrate Judge Almond issued his Report and Recommendation. As argued more fully below, Plaintiff's decision not to request an evidentiary hearing in this matter in hopes of bolstering the viability of their experts' opinions was made at their own peril. Because Plaintiff Eugenia Carvalhal waived her right to request an evidentiary

hearing, they cannot now rely on the lack of same as a basis for objecting to Magistrate Judge Almond's Report and Recommendation.

**(2) Plaintiff's Counsel Cannot Show that an Evidentiary Hearing in this Instance Could Have Changed the Outcome in this Case**

Simply put, there is no basis whatsoever for Plaintiff Eugenia Carvalhal's underlying contention that, had Mr. Nalbandian or Mr. Cooney been provided with yet another opportunity to articulate their opinions at an evidentiary hearing, the outcome (and thus Magistrate Judge Almond's Recommendation) would have been different in this instance. Implicit in Plaintiff's argument that they were prejudiced by the lack of an evidentiary hearing is the assumption that *Plaintiff's experts had additional opinions to offer*. This assumption is unwarranted for two fundamental reasons: 1) Plaintiff cannot point to any "new" evidence that could serve as the basis for any "new" opinions; and 2) Neither Mr. Nalbandian nor Mr. Cooney are qualified to render the type of "new" opinions that are required to satisfy the *Daubert* requirements.

Neither Mr. Nalbandian nor Mr. Cooney received additional information after the issuance of their written report that might serve as the basis of additional opinions. In fact, the record provides ample evidence to the contrary. During Mr. Nalbandian's deposition, he was specifically asked what additional materials he had reviewed since the issuance of his written report dated September 29, 2004. (Relevant portions of Mr. Nalbandian's deposition testimony are attached hereto and incorporated herein as Exhibit "G"; see pages 45-50 of Exhibit G.) Mr. Nalbandian testified that since the issuance of his written report he had only reviewed the Defendants' Rule 26(a)(2) disclosures and Mr. Davoodi's written report. (*Id.*, p. 46 and p. 49-50). Mr. Nalbandian's testimony on this point establishes that he had not reviewed any other information developed during the course of discovery in this matter, including but not limited to the deposition transcripts of Eugenia Carvalhal or Peter Carvalhal, and the Defendants'

respective responses to written discovery request made by Plaintiff's counsel. Upon further questioning, Mr. Nalbandian expressly confirmed that all the testing performed at Thielsch's Engineering was documented in the September 29, 2004 report. (*Id.* at p. 57.) The subject report was marked "Preliminary", and Mr. Nalbandian confirmed that Theilsch never issued a version of the report designated as "Final". (*Id.*, pp. 113-114.) In fact, Mr. Nalbandian testified that at the time that the report was issued there was no need to conduct any further investigation into the Carvalhal fire. (*Id.*) At the time of his deposition, Mr. Nalbandian acknowledged that he had not been asked to perform any additional work on his investigation of the Carvalhal fire. (*Id.*, p. 183.) Ultimately, **Mr. Nalbandian acknowledged that all of his opinions had been set forth in the Plaintiff's Rule 26(a)(2) disclosure**. *Id.*, p. 8. (A true and accurate copy of the subject disclosure is attached hereto and incorporated herein by reference as Exhibit "A".)

Mr. Cooney provided similar testimony during his deposition. More specifically, Mr. Cooney testified that the report generated by Thielsch Engineering dated September 29, 2004, and labeled as "Preliminary" had never been updated to reflect the receipt of any additional evidence in this matter. (Relevant portions of Mr. Michael Cooney's deposition transcript are attached hereto and incorporated herein as Exhibit "H"; see pp. 82-85 of Exhibit H.) While Mr. Cooney acknowledged receiving certain physical evidence from Mr. Davoodi subsequent to the issuance of the report, and was aware that activities in the reports issued by the Defendants' retained experts in this matter, that additional information did not impact or change his opinions in this case. (*Id.* 82-85.) Like Mr. Nalbandian, Mr. Cooney never received any information from Plaintiff's counsel reflecting the Defendants' Responses to Written Discovery in this manner. (*Id.* 85-86.) Ultimately, like Mr. Nalbandian, **Mr. Cooney acknowledged that Plaintiff's Rule 26(a)(2) disclosure in this matter completely and accurately set forth in general terms the**

**opinions he intended to render at the trial of this matter.** (*Id.*, p.38.) (A true and accurate copy of Plaintiff's Rule 26(a)(2) disclosure of Mr. Cooney's opinions is attached hereto and incorporated herein as Exhibit "B".)

Plaintiff's Objection implicitly claims that the lack of an evidentiary hearing precluded them from addressing the Court's concerns about the lack of competent expert testimony about what caused the Carvalhal fire (Exhibit E at page 13). However, **Plaintiff's Objection fails to affirmatively state a single new opinion (nor a basis thereof) that any of the Plaintiff Hartford's retained experts could provide during the course of such an evidentiary hearing.** To the contrary, the uncontested evidence in this case clearly establishes that the Plaintiff's causation experts did not review any new information after the issuance of their written report that could serve as a legitimate basis for them to supplement their opinions. Accordingly, Mr. Nalbandian and Mr. Cooney testified that their opinions in this matter were fully set forth in the Plaintiff's Rule 26(a)(2) disclosures. Thus, there is simply no factual basis for Plaintiff's claim that their causation experts required yet another opportunity to provide any further support their opinions by way of an evidentiary hearing.

### D. Plaintiff's Attempt to Supplement the Evidentiary Record with Unauthenticated Documents Must be Rejected

In a failed effort to supplement the expert opinions put into evidence at the time Magistrate Judge Almond issued his Report and Recommendation, Plaintiff Eugenia Carvalhal's Objection - without any explanation whatsoever – cites to literature purportedly drafted by John DeHaan, Alan S. Brown, and Clarence Wolf (*see* Exhibits B, C, and D to Plaintiff Eugenia Carvalhal's Memorandum of Law in Support of Her Objection). Exhibits B, C, and D to Plaintiff's Objection are not competent evidence, cannot serve as a basis for the District Court's decision in this matter, and must be disregarded in its entirety. Documents supporting or

opposing a motion for summary judgment must be properly authenticated. See, Fed. R. Civ. Pro. 56(e).

In this instance, Plaintiff Eugenia Carvalhal has offered no basis for the District Court to conclude that Exhibits B, C, or D to their Objection are self-authenticating pursuant to Federal Rule of Evidence 902. For a document to be admissible at the summary judgment stage, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e). *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (*internal citations omitted).* Failure to properly authenticate a document precludes its consideration on a motion for summary judgment. (*Id.*, *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 16 (1st Cir. 1986).) Inasmuch as Plaintiff Eugenia Carvalhal has failed to provide this Court with an affidavit executed by a witness who would be qualified to authenticate Exhibits B, C, or D as trial exhibits (or any other acceptable means of authentication), the Court must strike these suspect Exhibits from the record, and must not take the content of same into consideration in making a ruling on Defendant's pending Motion for Summary Judgment.

**E. Plaintiff's Request for an Evidentiary Hearing Must Be Denied.**

"(A) litigants failure to buttress its position because of confidence in the strength of that position is always indulged in at the litigant's own risk." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 897, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In light of the foregoing procedural history, Plaintiff's request for an evidentiary hearing at this late hour must be rejected. Opposing counsel was fully aware for roughly two months before oral argument was held on September 14, 2007, that Magistrate Judge Almond was not going to conduct an evidentiary hearing prior to issuing his Report and Recommendation. Instead of taking action to further substantiate the admissibility of Mr. Nalbandian's and Mr. Cooney's opinions, Plaintiff Eugenia Carvalhal's counsel did nothing, choosing instead to stand on the testimony of Plaintiff Hartford's experts as

set forth in their written report and respective depositions. In accordance with *Lujan*, the Plaintiff's failure to buttress her position in this instance because of their confidence in the strength of their belief that Mr. Nalbandian and Mr. Cooney's opinions would be admissible in this case was indulged in at her own risk.

Like the plaintiffs in *Lujan*, opposing counsel was given ample notice that the viability of their case would be put at issue by virtue of a dispositve motion. Plaintiff's counsel was first put on notice that the testimony of their retained experts would need to satisfy the standards set forth in *Daubert* and *Kumho Tire* on January 5, 2007, when Defendants duly filed an appropriate Notice removing Plaintiff's lawsuit to the Federal Court (Doc. 26). Next, the Defendants' identification of Duncan Glover, an electrical engineer, as a retained expert witness in their Rule 26(a)(2)(A) disclosure filed on February 16, 2007 (Exhibit "C"), gave Plaintiff further warning that the causation issues in this case were well outside the expertise of Mr. Nalbandian and Mr. Cooney. The necessity of having adequate expertise to opine on electrical issues was also emphasized at the depositions of Plaintiff's experts which were completed by mid-May 2007. During said depositions (which Plaintiff Eugenia Carvalhal's counsel attended), counsel for the Defendants' clearly established that neither Mr. Nalbandian nor Mr. Cooney possessed the requisite expertise to opine on the relevant electrical issues in this case. Finally, during the Summary Judgment Conference held on May 29, 2007, ten days prior to the Defendants' filing their Motion to Exclude the Testimony of the Plaintiff's Experts, counsel for the Defendants informed both opposing counsel and the Court that they would be filing a motion challenging the admissibility of the disputed expert opinions in accordance with *Daubert.*

Despite Defendants' own disclosure of an electrical expert, the groundwork laid for a *Daubert* challenge during Mr. Nalbandian's and Mr. Cooney's respective depositions, and the

express warning about a forthcoming *Daubert* motion provided to Plaintiff on May 29, 2007, opposing counsel made no attempt whatsoever to request or obtain leave of court to arrange for an evidentiary hearing nor did they submit sworn affidavits as permitted by Rule 56. To the contrary, Plaintiff Eugenia Carvalhal's counsel did nothing until October 12, 2007, ten days *after* Magistrate Judge Almond recommended that the Defendants' Motion to Preclude Mr. Nalbandian and Mr. Cooney's testimony be granted.

Since the issuance of the *Daubert* decision, litigants have been put on notice about the exacting standards of reliability that expert witness testimony must meet to be admissible. *Weisgram v. Marley Company*, 528 U.S. 440, 455, 120 S.Ct. 1011 (2000). Moreover, "It is implausible to suggest, post-*Daubert*, that parties will initially present less than their best evidence in the expectation of a second chance should their first try fail." *Id.* In light of *Daubert*, parties who fail to use due diligence to proffer the strongest available expert witness testimony do so at their own peril. *Id.* at 456, (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 897, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). Granting Plaintiff's request for an evidentiary hearing at this late hour would only serve to reward the Plaintiff for taking such a risk, while simultaneously punishing the Defendants' diligence in bringing their *Daubert* Motion.

## III. <u>CONCLUSION</u>

In light of the foregoing, the District Court must reject Eugenia Carvalhal's Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment in accordance with Rule 72(b). Contrary to the arguments set forth in Plaintiff's Objection, Magistrate Judge Almond's determination that Plaintiff's experts, Ara Nalbandian and Michael Cooney, should be precluded from testifying and that the Defendants' Motion for Summary Judgment should be granted is clearly

substantiated by all of the evidence in this matter, and reflects that appropriate application of the law.

WHEREFORE, these Defendants hereby request that Plaintiff Eugenia Carvalhal's Objection be overruled and that the District Court enter an Order adopting Magistrate Judge Almond's Report and Recommendation dated October 2, 2007, and

Dated: October 22, 2007

/s/ Rodd E. Elges, Esq.
DOMINICK W. SAVAIANO
RODD E. ELGES
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
dsavaiano@clausen.com
relges@clausen.com
Attorneys for Defendants

AND

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
contact@mckinnonharwood.com

# EXHIBITS

| | |
|---|---|
| Exhibit A | Plaintiff The Hartford Insurance Company's Rule 26(a)(2)(B) Disclosure of Expert Witness - Ara Nalbandian |
| Exhibit B | Plaintiff The Hartford Insurance Company's Rule 26(a)(2)(B) Disclosure of Expert Witness - Michael Cooney |
| Exhibit C | Defendants' Rule 26(a)(2)(A)(1) Disclosure of Expert Testimony |
| Exhibit D | Plaintiff Eugenia Carvalhal's Objection to the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment (pages 1-2) |
| Exhibit E | Memorandum of Law in Support of Plaintiff Eugenia Carvalhal's Objection to Magistrate Judge Almond's Report and Recommendation on the Defendants' Motion to Preclude the Plaintiff's Experts and for Summary Judgment |
| Exhibit F | July 18, 2007 e-mail correspondence from Erik Loftus |
| Exhibit G | Relevant portions of the deposition transcript of Ara Nalbandian |
| Exhibit H | Relevant portions of the deposition transcript of Michael Cooney |

**CERTIFICATE OF MAILING AND ELECTRONIC SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was mailed to the following attorney(s) of record with sufficient postage thereon, on the 22nd day of October, 2007. I hereby further certify that a true and correct copy of the above and foregoing was transmitted electronically to the following attorney(s) of record, on the 22nd day of October, 2007.

Mark Dana, Esq.
Robert A. D'Amico, II, Esq.
536 Atwells Ave., Suite 1
Providence, RI 02909
401.454.1212
Fax: 401.454.4809
rad@dblawri.com
mwd@mdlawri.com

Richard Ari Van Tienhoven, Esq.
Van Tienhoven & Cotter, Ltd.
312 South Main Street
Providence, Rhode Island 02903;
ravt.ksc@conversent.net

Erik Loftus
Law Office of Stuart Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860.292.1116
eloftus@sbcglobal.net

Joseph-Anthony DiMaio
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, Rhode Island 02861
(401) 723-9655
Fax: (401) 722-9106
contact@mckinnonharwood.com

/s/ Rodd E. Elges
Rodd E. Elges
CLAUSEN MILLER P.C.
10 S. LaSalle St.
Chicago, Illinois 60603
Phone: (312) 855-1010